UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
LARRY MCNAIR,

        Plaintiff,

  -against-

ACTING N.Y.S.D.O.C. COMMISSIONER
ANTHONY J. ANNUCCI, ET AL,

        Defendants.
------------------------------------------------------X

17CV09568 (NSR)

[PROPOSED] ORDER OF DISMISSAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/28/2020

    Whereas, plaintiff Larry McNair (DOB January 15, 1963) filed a complaint in the instant action on or about December 5, 2017, alleging that in or about November 2017, while incarcerated at Downstate Correctional Facility ("Downstate"), he was physically assaulted, denied medical/dental care, and was sexually harassed by the defendants.

    Whereas by letter, dated November 15, 2019, counsel for defendants, the New York State Office of the Attorney General ("OAG"), advised the Court that in the process of trying to reach the plaintiff by phone, he had spoken to a woman who identified herself as Lisa Stevens, plaintiff's girlfriend, and that Ms. Stevens informed counsel that plaintiff, who had been residing with her, had passed away in August 2019. See Docket No. 38.

    Whereas by Order, dated November 15, 2019, the Court directed defendants to report to the Court in writing as to plaintiff's status by June 15, 2020. Id. No. 39.

    Whereas by letter, dated February 7, 2020, OAG confirmed for the Court that plaintiff had passed away in August 2019, and enclosed a copy of plaintiff's Certificate of Death. Id. No. 44. That same day, OAG filed a Suggestion of Death with the Court. Id. No. 45. OAG forwarded a copy of both documents to plaintiff at his last known address (Ms. Stevens' home).

Whereas on March 5, 2020, the Court issued an Opinion & Order in which it noted Fed. R. Civ. P. 25(a)(1)'s requirement that a "motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Id. No. 46. The Court further noted that plaintiff's only known next of kin, Lisa Stevens, in October 2019, had informed the defendants of plaintiff's passing in August 2019, and that defendants had sent a copy of plaintiff's Certificate of Death to plaintiff's last known residence where he resided with Ms. Stevens. Id.

Further, in its Opinion & Order, the Court directed defendants to serve a copy of the Opinion & Order upon Ms. Stevens at her last known address, and to "file proof of service on the docket." Id. The Court further directed that Ms. Stevens "shall" have until May 10, 2020, "(ninety days from service of a copy of the death certificate), to move to be substituted as the representative of Plaintiff for the purpose of prosecuting Plaintiff's remaining claim(s)." Id. The Court concluded by stating that, in the "event there is no timely substitution, the Complaint shall be deemed dismissed upon Defendants submitting an affidavit informing the Court that no substitution has been requested and upon submission of a proposed order of dismissal." Id.

Whereas on March 6, 2020, OAG served a copy of the March 5, 2020 Opinion & Order on Ms. Stevens by first class mail and filed proof of service with the Court. See Docket No. 47.

Whereas to date, over six months after service on Ms. Stevens of the Opinion & Order, OAG has not received a request for substitution from her and no such request appears to have been filed with the Court.

NOW, THEREFORE, the Court orders that the Complaint in this action be dismissed without prejudice and deems this action closed.

SO ORDERED.

Dated: September 28, 2020
White Plains, New York

NELSON S. ROMÁN
United States District Judge